In The United States District Court
For The Southern District of Texas
Brownsville Division

Vicente Sanchez Guerrero,
    Petitioner,

v.                  Case No 1:13-CV-000231

United States of America,
    Respondent.

United States District Court
Southern District of Texas
FILED
MAR 2 7 2015
David J. Bradley, Clerk of Court

Motion For Leave To Supplement
And/or Amend Mr. Guerrero's 28 USC
Section 2255 Motion

Petitioner, Vicente Sanchez Guerrero ("Mr. Guerrero") proceeding pro se pursuant to Fed. R. Civ. P. 15(a)(2) and Rule 15(c)(2) respectfully moves this court to grant him leave to supplement

his 28 U.S.C. Section 2255 Motion with supportive law and facts relating to his original claims that trial counsel provided ineffective assistance. Finally, Mr. Guerrero is "not" adding an entirely new claim(s) or new theory and respectfully represents:[1]

## I. Background

On August 15, 2007, Mr. Guerrero pleaded guilty in this District Court to violating 18 USC Section 1962(d). More specifically, he pleaded guilty to Conspiracy to Participate in the Conduct and Affairs of a Criminal Enterprise. The activities which affected Interstate and Foreign Commerce, through a pattern of racketeering

---

[1] Mr. Guerrero is proceeding pro se and now files the above-captioned motions on or before March 27, 2015, pursuant to the Prison Mailbox Rule with an affidavit. Houston v. Lack, 487 US 266 (1988).

activity [.] See United States v. Vicente Sanchez Guerrero, No. 1:06-CR-00801-006. Dkt. No. 533 at 1.[2] On January 23, 2008, United States District Judge Hilda Tagle sentenced Mr. Guerrero to (1) 360 months of imprisonment; (2) Five years of supervised release; and (3) a special assessment of $100.00. Id. at 1, 2, 3, 5. Judgement was entered on February 22, 2008. Id at 1. Mr. Guerrero filed a Notice of Appeal on February 19, 2008. CRDE 525. On November 10, 2008, the Fifth Circuit Court of Appeals affirmed his conviction. CRDE 599 (Judgement). CRDE 600 (opinion)

---

[2] Hereinafter, Mr. Guerrero's criminal case docket entries ("CRDE's") will be referred to only by their CRDE number.

On November 13, 2008, the District Court filed Mr. Guerrero's 28 USC Section 2255 motion. ("2255 Motion"). The District Court stated that Mr. Guerrero's 2255 motion presented two main grounds for relief, primarily centered around assertions that (1) his guilty plea was involuntary because he would not have pled guilty if he had known that his sentence would be enhanced due to his alleged possession of a firearm; and (2) his counsel provided ineffective assistance in counseling him to plead guilty, and failing to assist him in withdrawing the plea. See <u>Vicente Sanchez Guerrero v. United States</u>, No: 1:13CV-00231. Dkt. No. 1 at pages 6-20. On May 27, 2014, the District Court only dismissed Mr. Guerrero's section 2255 motion as time barred;

and declined to issue a Certificate of Appealability. <u>Id</u> at Dkt. No. 18. On June 30, 2014, the District Court filed Mr. Guerrero's Rule 60(b) motion. <u>Id</u> at Dkt. No. 21. On October 21, 2014, the District Court filed Mr. Guerrero's motion to supplement 2255 motion and motion to show cause for granting Tolling under 2255(f) as to motion to vacate, set aside or correct sentence. <u>Id.</u> at Dkt. No. 22.[3]

    In Mr. Guerreros original 2255 motion, Mr. Guerrero raised several issues including the two main grounds cited by the

---

[3] Procedurally, Mr. Guerrero's motion to supplement does not comply with Fed. R. Civ. P. 15(a)(2) because he did not confer with the government and obtain their written consent or ask the Court for leave. <u>See</u> Fed. R. Civ. P. 15(a)(2).

District Court. Mr. Guerrero clearly stated:

> "The gravamen of the case is that the Defendant was induced to plea by an unfulfillable promise the representation that in exchange for his entering a guilty plea he would receive a sentence of 262 months of incarceration [.]"

Id. at Dkt. No. 1 at page 6.

It is respectfully submitted that leave to supplement and/or amend his "pro se" section 2255 motion is required for Mr. Guerrero to adequately and fully assert all the grounds upon which that motion should be granted. Mr. Guerrero is "Not" adding an entirely new claim or new theory of relief, but is simply seeking leave to provide supportive law and facts relating to his original claim.

Specifically, Mr. Guerrero seeks to supplement and/or amend his "pro se" section 2255 motion by including the following additional grounds of ineffective assistance of counsel:

a. Trial counsel rendered ineffective assistance by inducing and advising Mr. Guerrero that in exchange for entering a guilty plea he would receive a sentence of no more than 262 months of incarceration, its reasons for doing so and his rights thereafter.

b. The cumulative prejudice of counsel's deficiencies resulted in the rendering of ineffective assistance.

### Federal Rules of Civil Procedure

Rule 15(a) of the Federal Rules of Civil Procedure provides leave to amend by a District Court "[s]hall be freely given when justice so requires."

Moreover, under Rule 15(c)(2), liberally permits an amendment adding new claims if it relates back to the original application if it "[a]rose out of the conduct, transaction, or occurrence"

set forth in the original pleading."

These additional issues satisfy the dictates of Rule 15.

Mr. Guerrero's supplemental motion is not made in bad faith, there is no prejudice to the government in granting this motion.

Due to Mr. Guerrero's present incarceration, he could not confer with the government regarding the foregoing motion to amend/supplement.

## Request for Relief

Wherefore, Mr. Guerrero respectfully requests that this Court grant his motion for leave to supplement/amend his _pro se_ Section 2255 motion and permit him to amend his _pro se_ motion and grant such other relief that may be just and proper.

Dated: March 27, 2015

Respectfully Submitted
Vicente Sanchez Guerrero

*Vicente Sanchez Guerrero*
Vicente Sanchez Guerrero
Register No. 63627-179
Federal Correctional Institution
P.O. Box 15330
Fort Worth, Texas 76119

Affidavit and Declaration For Mailbox Rule
In Compliance with 28 USC. Section 1746

I, Vicente Sanchez Guerrero, declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct, executed on or before March 27, 2015. I, Vicente Sanchez Guerrero, handed to the Federal Bureau of Prisons officer at the Federal Correctional Institution (FCI) at Fort Worth, Texas (FCI-Fort Worth) who are prison officials and/or authorities:

Motion For Leave To Supplement and/or Amend Mr. Guerrero's 28 U.S.C. Section 2255 Motion

Therefore handed and deposited with prison officials and/or authorities at FCI-Fort Worth who has a legal mail system designed for inmate legal mail. This affidavit and declaration for Mailbox Rule is in compliance with 28 U.S.C. Section 1746; therfore handed and deposited on or before March 27, 2015, and First class postage has been prepaid. Houston v. Lack, 487 U.S. 266 (1988).

Date of Filing: March 27, 2015
Handed to Officer: March 23, 2015

Respectfully Submitted,

Vicente Sanchez Guerrero

*Vicente Sanchez Guerrero*

Vicente Sanchez Guerrero

## Certificate of Service

I, hereby certify that on or before March 27, 2015 a copy of this document was served on the U.S. Attorney's office for the Southern District of Texas, 600 East Harrison Street, Room 1158, Brownsville, Texas 78520, by First class mail.

*Vicente Sanchez Guerrero*

Vicente Sanchez Guerrero

Proceeding Pro Se

Vicente S. Guerrero
#63627-179
Federal Correctional Institution
P.O. Box 15330
Fort Worth, Tx
76119

MAR 2 [illegible]

⇔63627-179⇔
Usdistrict Court
600 E. Harrison St
Brownsville, TX 78520
United States

LEGAL MAIL

